# CITATION

| | |
|---|---|
| MISSY MARTIN, ET AL | Case: 00137685 |
| | Division: G |
| VERSUS | State of Louisiana |
| | 16th Judicial District Court |
| NEXION HEALTH AT NEW IBERIA SOUTH, INC., ET AL | Parish of Iberia |

To: **NEXION HEALTH AT NEW IBERIA SOUTH, INC.**
**D/B/A NEW IBERIA MANOR SOUTH**
**THORUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS**
**CORPORATIN SERVICE COMPANY**
**501 LOUISIANA AVENUE**
**BATON ROUGE, LA 70802**

of **EAST BATON ROUGE** Parish

You are hereby summoned to comply with the demand contained in the **PETITION FOR DAMAGES, INTERROGATORIES & REQUEST FOR PRODUCTION OF DOCUMENTS** of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 16th Judicial District Court in and for the Parish of Iberia, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE AT NEW IBERIA, LOUISIANA, THIS ____ DAY OF JULY, 2021.

Clerk of Court
16th Judicial District Court
Parish of Iberia

*[signature]*
Deputy Clerk of Court

Requested by:
LAW OFFICES OF GIA KOSMITIS

[SERVICE COPY]


EXHIBIT A

| | |
|---|---|
| MISSY MARTIN, individually and on behalf of her mother, GERALDINE MARTIN | § NUMBER: 137685 - G |
| VERSUS | § 16TH JUDICIAL DISTRICT COURT |
| NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH | § IBERIA PARISH, LOUISIANA |
| PERMANENT ASSIGNMENT | § Division G |

## PETITION FOR DAMAGES

Now here comes plaintiff, Missy Martin, individually and as Power of Attorney for her mother, GERALDINE MARTIN, in complaint against Defendant, Nexion Health at New Iberia South, Inc., d/b/a New Iberia Manor South, herein submitting the following:

1. Plaintiff, herein is Missy Martin, daughter of Geraldine Martin, with duly authorized Power of Attorney and responsible party for Geraldine Martin.

2. Mrs. Geraldine Martin is 81 years of age and suffered an ankle fracture with surgery and was admitted to Nexion's New Iberia Manor South for rehabilitation care and services on May 15, 2018. At all times, it was intended that Ms. Martin would rehabilitate and return to independent living in her home.

3. Defendant in this action is:

Nexion Health at New Iberia South, Inc., d/b/a New Iberia Manor South, a skilled nursing and rehabilitation facility doing business at 600 Bayard Street, New Iberia, Louisiana, who may be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802 and their attorney of record.

4. Jurisdiction is proper in this Honorable Court, as this matter was submitted to a Medical Review Panel which rendered its opinion on May 10, 2021 to which plaintiff objects, as failing to adhere to the requirements of LSA R.S. 40;1231.8, et seq. All claims herein are properly before this Honorable Court.

5. Ms. Geraldine Martin was admitted to the care of NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH, on May 15, 2018 pursuant to her physician's order for 24 hour care for skilled nursing care and rehabilitation. Upon admit, Ms. Martin had suffered an ankle fracture and was expected to return to living independently after rehabilitation. She needed total assistance and care with her daily care needs along with

FILED July 2, 2021
*[signature]*
CLERK OF COURT
PARISH OF IBERIA, LA

monitoring and supervision. She remained in the care of NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH from May 15, 2018 up until July 15, 2018.

6. A contract was entered into between petitioner and defendant, NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH, to be provided skilled 24 hour professional nursing care and services supervised by a physician along with treatment sufficient to meet her physical, mental and psycho-social care needs in compliance with all applicable standards of care and regulations governing nursing home care in Louisiana including federal and state laws in exchange for approximately $6,000 per month.

7. Upon admission to the facility, Ms. Martin did not have any pressure injuries. However, due to her age, immobility, need for care and her medical conditions, it was reasonably foreseeable that Ms. Geraldine Martin was at risk for developing pressure injury if she was not provided sufficient care, nutrition, hydration, monitoring, assistance and prevention measures. Unfortunately, defendant's agents, employees and staff failed to evaluate her risk for developing pressure injury, failed to provide proper assessment and care planning to prevent pressure injuries, and as a result, Ms. Martin suffered a deterioration of her overall condition.

8. The evidence will show that while under the care of defendant, NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH, Ms. Martin was not provided the level of care and services promised, nor contracted, and their duty and obligations and standards of care were breached causing Ms. Martin to suffer severe malnutrition, dehydration, infections, pressure sores, a decreased quality of life, severe decline in her condition, and injuries from which she continues to suffer to this date.

9. Upon admit to defendant's, NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH's, care, Ms. Martin required around the clock professional care on a 24 hour per day basis with assistance with all her daily care needs which included hygiene, feedings, assistance, mobility, turning, repositioning, hydration, medications under a comprehensive care plan supervised by a physician. At no time did defendants advise petitioners they were unable to care for Ms. Martin nor provide the level of care her condition required.

10. The evidence shows that upon admit, although Ms. Martin had no skin breakdown, she was at high risk for developing pressure injuries due to her surgical ankle, immobility and health status.

11. It is shown that Ms. Martin was not provided with proper removal of the boot, cleaning and hygiene, and the nursing staff failed to evaluate Ms. Martin's risk for developing pressure injury, failed to implement a comprehensive care plan to prevent pressure sores, failed to ensure turning and repositioning as needed by her tissue tolerance, failed to provide off loading of pressure to the heels, failed to implement known pressure relief interventions, and to properly utilize specialized equipment for their patient, failed to provide adequate hygiene, nutrition and hydration along with daily care to prevent pressure wounds resulting in a stage IV necrotic infected wound which required ongoing care and therapy.

12. As a result of defendant's negligence, breaches and malpractice, Ms. Martin was admitted to New Iberia Hospital where her heel was described as black, infected, she suffered from cellulitis and osteomyelitis and required debridement for the pressure injury.

13. Ms. Martin was then transferred to a wound care facility for continued wound care and therapy, and she continues to suffer pain and expenses for which the defendants are responsible under our laws.

14. Ms. Martin continues to have pain, suffering, is unable to return to her day to day activities, requires special shoes and is subject to re-occurring breakdown.

15. It will be shown that NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH staff failed to provide basic prevention for pressure injuries; that staff failed to ensure their patient maintained adequate nutrition and hydration to meet her needs; failed to monitor her intake and output; failed to ensure proper care and treatments along with monitoring of their patient's needs; failed to provide medical care for prevention of sores, wounds, infection prevention, pressure-relieving equipment; failed to obtain informed consent to a plan of treatment and to provide adequate numbers of trained qualified staff and allocations of funds for patient care resulting in Ms. Martin suffering a severe pressure injury to her heel which required debridement and intensive wound care treatment and for which she has required ongoing care and treatment.

16. Ms. Martin continues to suffer with these pressure wounds which began due to the negligence of NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH and its breach of contractual obligations and fiduciary duties established.

17. As a proximate result of the negligence, breach of contract, breach of duty, malpractice and failure to adhere to rights guaranteed to GERALDINE MARTIN under the Nursing Home Bill of Rights, defendants, NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH, proximately caused GERALDINE MARTIN to suffer with multiple pressure injuries, deterioration of her overall status, severe malnutrition, dehydration, infection and sepsis. Moreover, the defendant, NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH, caused GERALDINE MARTIN to suffer from malnutrition, infections, infected necrotic bed sores to her heel, hospitalizations, medical expenses and to suffer a severe overall deterioration of her health and well-being from which she continues to suffer to this date and requires ongoing institutional care and services.

18. It will be shown that as a proximate result of the breach of the standards for care, breach of duty, violation of rights and breach of contract from defendants' actions and inactions, Ms. Martin suffered with physical pain and suffering, mental pain and suffering, disability, disfigurement, pressure injuries, sepsis, cellulitis, decreased quality of life, decreased chance of survival and decreased life expectancy and continued pain and suffering to date.

19. Despite defendant's obligation to provide their patient with all needed assistance, treatment, and equipment to meet all of her needs, as well as their advertisements which promote wound care, rehabilitation care and skilled care at its finest, it will be shown that defendant, NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH, failed and breached its contract and duties. Ms. Martin was not provided with sufficient care and treatment, including continuous and routine repositioning and turning, adequate hydration, nutrition, and monitoring, and once the pressure injury developed, they failed to provide wound care, proper hygiene and pressure ulcer prevention, infection control and needed medical care, as her condition demanded.

20. Specifically, it is shown that the defendant, NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH, failed in the following manners:

1. Failed to keep the patient adequately assessed, monitored, care planned, supervised to prevent injuries and deterioration of their patients health care status

2. Failed to keep the patient, clean, dry, repositioned, hydrated and nourished to prevent the development of pressure injuries

3. Failed to provide adequate supervision and assistance devices and equipment and supplies to prevent, and treat pressure sores, malnutrition, dehydration, infections, and hygiene;

4. Failed to properly assess the patient and to act upon significant changes in the resident's physical and/or mental condition and to alert the physician and family of changes in the status;

5. Failed to perform adequate assessments and updates as required and to follow physician orders to provide sufficient nutrition, hydration and pressure relief;

6. Failed to perform adequate and comprehensive care planning, as the patient's condition, status changed and required, including updates to care plans to ensure adequate care;

7. Failed to provide an adequate number of trained professional staff to meet the needs of their patients;

8. Failed to implement policies and procedures to meet the needs of their patients and provide quality care in accord with facility mandates by federal, state laws including Medicare/CMS quality standards;

9. Failed to provide comprehensive adequate assessments and plan of care by professionals to ensure that the resident's needs were met;

10. Failed to provide timely medical and physician services and other ancillary services to meet the needs of the patient and ensuring that the plan of care was at all times supervised by a physician;

11. Failed to make routine examinations of the patient and adequate skin care and infection control and to provide equipment and supplies for adequate wound care;

12. Failed to ensure that quality care mandates of 42 CFR 483.25, et seq. and the Department of Health and Hospitals requirements for long term care facilities were met by the individuals employed and acting as agents in their facilities as required by Louisiana Nursing Home Standards, Federal Standards and professional standards for each discipline and administration of the facility;

13. Failed to properly ensure that their patient was treated with dignity, respect, and that her rights were ensured as they contracted under La Patients Nursing Home Bill of Rights;

14. Failed to ensure proper quality care in conformance with all professional standards of care and in accord with rules which govern care provided in nursing homes;

15. Failed to obtain needed medical intervention and quality assurance to meet this patient's needs and to administer and manage the facility in a reasonably safe manner for quality patient care including performance of facility assessment requirements to ensure compliance with all regulations and minimum standards of care;

16. Failed to adequately budget and allocate funds for patient care needs, equipment, services for quality patient care in accord with their promises to plaintiffs herein.

21. As a result of the negligence, actions and inactions of Defendant, NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH, it will further be shown that GERALDINE MARTIN suffered physical pain and suffering, mental pain and suffering, disfigurement, disability, decreased quality of life, decreased chance of survival, expenses and other extraordinary expenses incurred as a result of the damages caused by defendants.

22. It will further be shown that petitioner, MISSY MARTIN, has suffered pecuniary and non-pecuniary losses as a result of the breach of contract including money damages pain and anguish, emotional grief, together with damages for the injuries and disability of her mother, including loss of love, affection, support and expenses.

WHEREFORE, petitioner, Missy Martin, individually and on behalf of her mother, Geraldine Martin, prays that defendant, NEXION HEALTH AT NEW IBERIA SOUTH, INC., D/B/A NEW IBERIA MANOR SOUTH, be served with a copy of this PETITION FOR DAMAGES and be cited to appear and answer same;

FURTHER PRAYS that after due proceedings had, there be judgment herein in plaintiff's favor and against the defendant for an amount reasonable in the premises, including damages for physical pain and suffering, mental pain and suffering, disability, continued expenses, together with *Lejeune* damages, breach of contract damages, both pecuniary and non-pecuniary, additional damages, penalties, and attorneys' fees together with all costs of these proceedings plus legal interest on all amounts awarded from date of judicial demand until paid;

FURTHER PRAYS for a trial by jury and for all damages allowable under the laws of this State.

Respectfully submitted,

LAW OFFICES OF GIA KOSMITIS
A Professional Law Corporation
Attorneys for Plaintiff

BY: _____
Georgia P. Kosmitis
Attorney at Law
Bar Roll No. 19355
Avery Bond
Bar Roll No. 38675
3316 Line Avenue
Shreveport, Louisiana 71104
(318) 865-9800
(318) 865-0809 (facsimile)

Please serve:

Nexion Health at New Iberia South, Inc.,
d/b/a New Iberia Manor South,
through its registered agent for service of process,
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

and through its attorney of record,
Marshall T. Cox
McGlinchey Stafford
601 Poydras Street, suite 1200
New Orleans, LA 70130

Filed _____, 2021
Signed: Heather F. Degetaire, Dty. Clk.
A TRUE COPY
ATTEST: _____
Dty: Clerk of Court
Iberia Parish, LA